NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0657n.06

Case No. 13-4390

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Aug 21, 2014
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| NADIA NATHAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE |
| THE OHIO STATE UNIVERSITY, et al., | ) | SOUTHERN DISTRICT OF |
| | ) | OHIO |
| Defendants-Appellees. | ) | |
| | ) | |
| | ) | |

O P I N I O N

BEFORE: GIBBONS and McKEAGUE, Circuit Judges; LAWSON, District Judge.[*]

**McKEAGUE, Circuit Judge.** Dr. Nadia Nathan brings a Title VII discrimination and retaliation action against the Ohio State University ("OSU"). Dr. Nathan joined OSU's anesthesiology department as a cardiac anesthesiologist and Associate Professor in 2005. She was terminated from her position in 2009 purportedly because of work-related difficulties. Dr. Nathan initiated the present action against OSU in September of 2010, alleging that she was discriminated against on the basis of her gender and also retaliated against for bringing a discrimination lawsuit in Massachusetts against her previous employer. The district court granted OSU's motion for summary judgment after determining that Dr. Nathan had failed to

_____

[*] The Honorable David M. Lawson, United States District Judge for the Eastern District of Michigan, sitting by designation.

show that the proffered reasons for her termination were pretexual. For the same reasons detailed in the district court opinion, we AFFIRM the grant of summary judgment.

Following discovery, OSU moved for summary judgment in July of 2012. Focusing on Dr. Nathan's Title VII retaliation and discrimination claims, which are the only claims before us on appeal, OSU argued in its initial motion for summary judgment that Dr. Nathan had not demonstrated a *prima facie* case of discrimination, and even if she had, OSU contended that it had articulated a legitimate, non-discriminatory reason for her termination. Specifically, OSU alleged that Dr. Nathan was terminated because she was unproductive, unprofessional, disruptive, chronically late, and generally unavailable. OSU additionally expressed suspicion that Dr. Nathan had faked being sick, and further alleged that Dr. Nathan had manipulated the clinical schedule, received low resident evaluations, and frequently failed to timely enter postoperative orders. Dr. Nathan countered that these arguments were not based in fact and were insufficient to warrant her termination.

In a lengthy 37-page opinion, the district court thoroughly evaluated all of Dr. Nathan's claims under the well-established *McDonnell-Douglas* burden-shifting framework.[1] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 803 (1973). The district court assumed for purposes of its analysis that Dr. Nathan had established a *prima facie* case of discrimination and retaliation, and focused its attention on the pretext analysis. The district court extensively evaluated each of the proffered legitimate non-discriminatory reasons for Dr. Nathan's termination and concluded that they were supported by a clear basis in fact. The district court

---

[1] Under *McDonnell-Douglas*, the complainant has the burden of establishing a *prima facie* case of discrimination. *McDonnell Douglas*, 411 U.S. at 802. If this burden is met, the employer must "articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id.* at 802. At that point, the burden shifts back to the complainant to demonstrate by a preponderance of the evidence that the legitimate reasons offered by the defendant were pretextual. *Id.* at 804; *see also Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981).

further probed OSU's motivation for dismissing Dr. Nathan and assessed whether her conduct was sufficiently improper to warrant termination. After a comprehensive discussion and analysis, the district court concluded that Dr. Nathan had failed to show that any other anesthesiologist had the same degree and breadth of performance issues and was retained by OSU.

We agree with this analysis. After reviewing the briefs, the district court's opinion, and the voluminous record, we conclude that the district court properly granted summary judgment to OSU. Notwithstanding Dr. Nathan's allegations to the contrary, OSU has provided substantial evidence to support its proffered rationales for Dr. Nathan's dismissal. Dr. Nathan has simply not identified any comparator, similarly situated in all relevant respects and engaged in acts of comparable seriousness, who was retained. *See Wright v. Murray Guard, Inc.*, 455 F.3d 702, 710 (6th Cir. 2006). Dr. Nathan attempts to pick apart this analysis by isolating each issue, whether post-operative orders or her disruptive behavior, and to argue that there were systematic problems that account for her poor performance or that others had performance issues or that her poor performance should be excused. But this misses the point. The question is not whether other employees also performed poorly in one or two areas, but whether taken altogether they performed equally as poorly as Dr. Nathan and whether her conduct as a whole justified her dismissal. As the district court properly noted, none of the other doctors who were retained match Dr. Nathan for the variety and severity of her misconduct, and those that did were dismissed. Because Dr. Nathan has not presented evidence from which a reasonable trier of fact could find that OSU's proffered nondiscriminatory reasons for her termination were pretextual, her claim fails.

As the district court correctly set out the applicable law and correctly applied that law to the factual allegations, issuance of a full opinion by this court would serve no jurisprudential purpose. Accordingly, for the reasons stated above and for the reasons thoroughly discussed in the district court's well-reasoned opinion, we AFFIRM the grant of summary judgment on Dr. Nathan's discrimination and retaliation claims.